In the Matter of GLORIA M. BALLIEN, Respondent, *v.* HOWARD ALPERT et al., Constituting the Board of Elections of Albany County, Respondents, and JANE RAMOS, Appellant.

Third Department, August 2, 1973.

*Feit, Schlenker & Patack* (*David A. Tate* and *Michael A. Feit* of counsel), for appellant.

*Harvey M. Lifset* for Gloria M. Ballien, respondent.

*Condon A. Lyons, County Attorney,* for Howard Alpert and others, respondents.

*Per Curiam.* This is an appeal from a judgment of the Supreme Court at Trial Term, entered July 9, 1973 in Albany

County, in a proceeding pursuant to section 330 of the Election Law, which denied appellant Ramos' cross motion for a new Democratic primary and which declared petitioner Ballien to be the candidate of the Democratic Party for the position of Alderman from the 7th Ward of the City of Albany in the general election to be held on November 6, 1973.

Jane Ramos and Gloria M. Ballien were candidates for the Democratic nomination for the office of Alderman in the 7th Ward of the City of Albany in the primary election held on June 4, 1973. By order of this court dated May 31, 1973 (41 A D 2d 1014), affirmed by the Court of Appeals on June 1, 1973 (32 N Y 2d 904), Jane Ramos was the only candidate whose name appeared on the ballot, but the name of Gloria M. Ballien was permitted to be written in.

Following the Primary Election on June 4, 1973, a recanvass and recount of the ballots by the Albany County Board of Elections resulted in 390 ballots for Jane Ramos and 381 for Gloria M. Ballien who then sought a review of the board's action as to the validity of certain of these ballots, together with other relief, pursuant to section 330 of the Election Law. The court below examined 148 challenged ballots and made certain determinations which changed the total count to 419 for Gloria M. Ballien and 403 for Jane Ramos. These determinations are the only issues before us on this appeal.

The Election Law vests the courts with the power to determine, on a reasonable basis, the intent of the voter in casting his ballot for a "write-in" candidate (*Matter of Callahan* v. *Morrow,* 40 A D 2d 619). Accomplishing this purpose may violate technical rules and lower court precedent in older cases. However, a realistic approach that will produce the honest and just result in each case is the ultimate objective. "The right of the voter to be safeguarded against disenfranchisement and to have his intent implemented wherever reasonably possible * * * transcends technical errors" (*Matter of Weinberger* v. *Jackson,* 28 A D 2d 559, affd. 19 N Y 2d 995).

In this particular case ascertaining the intent of the voter is simplified by the facts that the write-in candidate is the incumbent, she and her husband, who has never been involved in politics, are the only individuals with the name Ballien in the City of Albany, and the court can judicially notice that a rather unusual name will often result in misspelling. We have examined the protested ballots and conclude that technical errors can be rejected and the integrity of the secret ballot can be maintained. We accept the lower court's determinations with the

exception of two ballots wherein on one the name Jane Ballien was written and the other V. Ballien. This will change the count, but not the result in the court below.

The judgment should be affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, KANE, MAIN and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.