In the Matter of WILLIAM A. PAULY, Appellant, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of the County of Erie, and MICHAEL A. D'AMICO, Respondents.—Order unanimously reversed, without costs, and cross petition remanded to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Special Term erroneously ruled that it lacked authority to determine the identity of the person voted for. "The Election Law vests the courts with the power to determine, on a reasonable basis, the intent of the voter in casting his ballot for a 'write in' candidate (Matter of Callahan v Morrow, 40 AD2d 619). Accomplishing this purpose may violate technical rules and lower court precedent in older cases. However, a realistic approach that will produce the honest and just result in each case is the ultimate objective. The right of the voter to be safeguarded against disenfranchisement and to have his intent implemented wherever reasonably possible * * * transcends technical errors' (Matter of Weinberger v Jackson, 28 AD2d 559, affd 19 NY2d 995)." (Matter of Ballien v Alpert, 42 AD2d 302, 303.) In view of the surrounding circumstances the three write-in ballots containing only the surname "Pauly" could reasonably be held a vote for petitioner-appellant William A. Pauly in the Conservative Party primary. Pauly was also the Republican Party nominee for this office; he had successfully petitioned to allow write-in balloting and was the only one to do so for this office and had actively solicited Conservative Party write-ins. Although other residents in this county legislative district have the same surname, no other person named "Pauly" was on the printed ballot or had campaigned in this primary election. Moreover the fact that one of these write-in ballots was written in column 12 rather than in column 11 over respondent D'Amico's name does not alter this conclusion. Column 12 was also designated as a column for the office of county legislator, but it was blank and not used in this primary. Under the rationale of Matter of Ballien v Alpert (supra) this "Pauly" ballot written onto the voting machine roll in column 12 could reasonably be deemed a mere technical violation of subdivision 5 of section 259 of the Election Law and be counted for petitioner, giving him a 34-33 margin over D'Amico. Special Term also erred, however, in failing to consider the allegations contained in D'Amico's cross petition and supporting affidavits. These answering papers seeking affirmative relief were served within the 20-day limitation period of subdivision 4 of section 330 of the Election Law. (Matter of Ambro v Coveney, 20 NY2d 850; Matter of Lamb v Meisser, 13 NY2d 874.) The supplemental affidavit by D'Amico's attorney sets forth specific ballots counted for Pauly which are allegedly illegible or void and therefore void under section 212 of the Election Law (Matter of Reich v Power, 30 AD2d 925, affd 22 NY2d 887; Matter of Weinfeld, 203 App Div 778). Because Special Term erroneously denied the relief requested in the original petition and summarily dismissed the cross petition, neither party has had an opportunity to prove or contest D'Amico's allegations. Therefore, the cross petition is remanded for an immediate hearing on the validity of the alleged "protested, wholly blank or void ballots" but not unprotested ballots under subdivision 4 of section 330 of the Election Law. (Appeal from order of Erie Supreme Court denying in part petition to

validate write-in votes.) Present—Marsh, P. J., Moule, Goldman, Del Vecchio and Witmer, JJ. (Order entered October 21, 1975.)