## (October 7, 1977)

■ John F. Hanney, Appellant, v Commissioners of Elections of Westchester County et al., Respondents, and Raphael Wik, Appellant-Respondent.—In a proceeding pursuant to section 330 of the Election Law, *inter alia*, to set aside the results of the Conservative Party primary election, held on September 8, 1977, for the public office of Council Member, 11th Ward of the City of Yonkers, the cross appeals are from a judgment of the Supreme Court, Westchester County, dated September 30, 1977, which after a hearing, (1) set aside the results of the said primary election and (2) directed the board of elections to hold another primary election on October 11, 1977. Judgment affirmed, without costs or disbursements. In the primary election for the office involved, the board of elections certified that John F. Hanney, petitioner, had received 29 votes and Raphael Wik 36 votes. Petitioner brought this proceeding to set aside the election because of certain alleged irregularities. Special Term, without making any findings of fact as required by law, ordered a new election based upon these irregularities. Although we agree with the result, our reasoning is based upon our review of the record and our own findings of fact. Petitioner should have received six votes which were not counted by the board of elections. Of those votes, four were write-in votes containing only petitioner's last name. Petitioner, who sought write-in votes, was the only Hanney in the 11th Ward. It is clear that the voters intended to cast their ballot for him and their intent should not be frustrated by technical rules. On that same reasoning, an additional vote with the petitioner's full name, but written in the wrong column, should also be counted (see *Matter of Pauly v Mahoney*, 49 AD2d 1014; *Matter of Weinberger v Jackson*, 28 AD2d 559, affd 19 NY2d 995). Moreover, the board of elections failed to count a vote on the tally sheet, which was certified by the poll workers, because the machine paper could not be found during the official canvass. This vote should have been counted. Thus, petitioner officially received 35 votes in the election. Raphael Wik may not, however, be deemed the winner of the election, because one of his votes must be deleted from the board of elections' count of 36. At the

hearing a witness testified that a registered Republican voter was told to vote on the Conservative line because the machine would not register a vote on the Republican line. After the election, the voter signature cards showed only three Conservatives registered to vote in the district, but four Conservative votes were counted for Mr. Wik. One vote must be deducted from his tally, thus establishing a tie vote. It is therefore necessary that a new primary election be held. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.