■ JOAN G. PADLO, Respondent, v MARGARET SPOOR, Defendant, THOMAS SPOOR, Appellant, and STANLEY A. LASKOWSKI, Respondent.—Order unanimously affirmed, with costs on the opinion at Special Term, Bayger, J. (See, also, *Plath v Justus,* 28 NY2d 16; *Winnick v Kupperman Constr. Co.,* 29 AD2d 261; Restatement Agency 2d, § 217, subd [b], par [ii].) (Appeal from order of Niagara Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ. [90 Misc 2d 1002.]

■ In the Matter of the Arbitration between MARK S. SHANDRAW, Respondent, and MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.— Order unanimously affirmed, with costs, on the opinion at Special Term, Marshall, J. (Appeal from order of Erie Supreme Court—arbitration.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ EILEEN C. WOLDMAN, Individually and as Executrix of MYRON L. WOLDMAN and as Administrator of the Estate of STEPHANIE WOLDMAN, Deceased, and as Parent and Natural Guardian of PETER R. WOLDMAN, an Infant, Respondent, v STATE OF NEW YORK, Appellant.—Judgment unanimously affirmed, with costs, on the opinion at the Court of Claims, Murray, J. (Appeal from judgment of Court of Claims—wrongful death—negligence.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ In the Matter of ROCHESTER URBAN RENEWAL AGENCY, Appellant, v ALBERT L. ROTHMAN et al., Respondents.—Judgment unanimously affirmed, with costs, for the reasons stated in the decision at Trial Term, Livingston, J. (Appeal from judgment of Monroe Supreme Court—condemnation.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ LESLIE A. WALKER et al., Appellants, v CHARLES P. LAIOSA et al., Defendants, and LUTHER MILLER et al., Respondents. (Appeal No. 1.)—Order affirmed, with costs, on the memorandum decision at Special Term, Boomer, J. All concur; Schnepp, J., not participating. (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Schnepp, Doerr, Witmer and Moule, JJ.

■ In the Matter of CHARLES A. HAYNIE, Respondent, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of Erie County, Respondents, and WILLIAM L. MARCY, Appellant.—Order affirmed, without costs. (See *Matter of Pauly v Mahoney,* 49 AD2d 1014, mot for lv to app den 37 NY2d 711.) All concur, except Callahan, J., who dissents and votes to reverse and dismiss the petition in the following memorandum.

Callahan, J. (dissenting). I would affirm the ruling of the Board of Elections. Subdivision 4 of section 8-308 of the Election Law specifically requires that a write-in ballot must be cast in its appropriate place on the machine, or it shall be void and not counted. (Appeal from order of Erie Supreme Court—Election Law.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Callahan and Doerr, JJ. (Decided Oct. 12, 1979.)

■ In the Matter of ANTHONY J. SCIOLINO, Respondent, v V. JAMES CHIAVAROLI et al., Constituting the Board of Elections of Monroe County, Appellants, and ROBERT C. BYRNES, Respondent.—Order affirmed, without costs. (See *Matter of Pauly v Mahoney,* 49 AD2d 1014, mot for lv to app den 37 NY2d 711.) All concur, except Callahan, J., who dissents and votes to reverse and dismiss the petition in the following memorandum.

Callahan, J. (dissenting). I would affirm the ruling of the Board of Elections. Subdivision 4 of section 8-308 of the Election Law specifically requires that a write-in ballot must be cast in its appropriate place on the machine, or it shall be void and not counted. (Appeal from order of Monroe

Supreme Court—Election Law.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Callahan and Doerr, JJ. (Decided Oct. 12, 1979.)

■ In the Matter of THOMAS S. PARKER et al., Respondents, v V. JAMES CHIAVAROLI et al., Constituting the Board of Elections of the County of Monroe, Appellants, and KEN MOORE, Respondent.—Order unanimously reversed, without costs, and petition dismissed. Memorandum: The subscribing witness to the independent nominating petition incorrectly listed the town of his residence as required by subdivision 1 of section 6-140 of the Election Law. We reverse on the authority of *Matter of Higby v Mahoney* (48 NY2d 15) and *Matter of Vari v Hayduk* (42 NY2d 980). (Appeal from order of Monroe Supreme Court—Election Law.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Callahan and Doerr, JJ. (Decided Oct. 12, 1979.)

■ In the Matter of VINCENT B. CAMPBELL, Respondent-Appellant, v V. JAMES CHIAVAROLI et al., Constituting the Board of Elections of the County of Monroe, et al., Respondents, and HAROLD MILTSCH, Appellant-Respondent. —Order insofar as it denies the cross petition to validate the signature of A. Joyce Cerame reversed and matter remitted to Special Term, Monroe County, for further proceedings in accordance with memorandum: The only issue for our determination on this appeal is whether the Board of Elections properly invalidated the signature of "A. Joyce Cerame" residing at 216 Heritage Drive, Town of Greece, on the Independent nominating petition of Harold Miltsch as an Independent candidate for Monroe County Legislature, Seventh District. The voter registration books contain the name "Ann J. Cerame" residing at 216 Heritage Drive, Town of Greece. The basis for the action of the Board of Elections in invalidating the signature and Special Term's confirmation does not appear in this record. The matter is remitted for appropriate proof on the issue of whether "the identity of the signer as a registered voter can readily be established by reference to the signature on the petition and that of a person whose name appears in the registration poll ledgers." (Election Law, § 6-134, subd 7; *Matter of Ficks v Sullivan,* 185 Misc 649, 650; see *Matter of Rauch v Cohen,* 268 App Div 879.) Inasmuch as the court's determination on remittal as to the validity of the Cerame signature will determine the validity of the nominating petition, the court is directed to reconsider its decision in this regard in the light of its determination as to the Cerame signature. All concur, except Dillon, P. J., and Schnepp, J., who dissent and vote to affirm the order in the following memorandum.

Dillon, P. J., and Schnepp, J. (dissenting). While we agree that Special Term properly declined to consider an objection to the signature of one "Everett Turner", we depart from the majority view that the issue of the validity of the signature of one "A. Joyce Cerame" should be remitted to Special Term. The relevant documents which this court is authorized to review (see Election Law, § 6-134, subd 7) are included in the record. The registration poll ledger reflects that one "Ann J. Cerame" is registered from 216 Heritage Drive in the Town of Greece. Reference to the disputed signature on the designating petition and to the name appearing on the registration poll ledger does not permit the conclusion "that the identity of the signer [of the designating petition] as a registered voter can readily be established". (Election Law, § 6-134, subd 7.) We thus find that the Board of Elections and Special Term properly invalidated the signature. (Appeal from order of Monroe Supreme Court—Election Law.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Callahan and Doerr, JJ. (Decided Oct. 12, 1979.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS