■ In the Matter of ANTHONY J. CARPINELLO, Appellant, v HENRY G. TUTUNJIAN et al., Constituting the Rensselaer County Board of Elections, et al., Respondents.—Per Curiam. Appeal from a judgment of the Supreme Court (Keniry, J.), entered October 16, 1989 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-106, to declare invalid certain absentee ballots cast at the September 12, 1989 primary election naming respondents William Dedrick and Doreen Connolly as the Conservative Party candidates for the office of Rensselaer County Legislator from the Second Legislative District.

Petitioner, a Conservative Party candidate for the office of Rensselaer County Legislator from the Second Legislative District, commenced this proceeding seeking to invalidate 10 absentee ballots for respondents William Dedrick and Doreen Connolly (hereinafter collectively referred to as respondents), write-in candidates for the same office. Only a total of four candidates can be elected to the office of County Legislator from the Second Legislative District. After the primary, the tallied votes for the eight candidates receiving votes showed Dedrick as the fourth and final candidate for the elective post with 134 votes. Petitioner and Connolly were tied for fifth place with 130 votes each.* Following a hearing addressing petitioner's objections to the 10 contested absentee ballots, Supreme Court rejected petitioner's claims and dismissed the petition. Petitioner now appeals this determination with respect to eight of the absentee ballots not invalidated by Supreme Court.

Initially, we agree with Supreme Court that five of the absentee ballots in question were valid even though the voters did not write respondents' names in the correct blank spaces of the ballot as required by Election Law § 9-112 (3). Here, the absentee ballots instructed voters who wished to cast a write-in vote to "write [the candidate's] name in the blank space at the bottom of the column under which the title of the office appears". Although each of the five voters properly wrote respondents' names under the correct office, they did so on the second line of spaces instead of on the third or bottom line of spaces as had been instructed on the ballots. This error is not fatal. Unlike cases cited by petitioner where an error by the

* In a related proceeding, Supreme Court invalidated one voter's ballot, apparently resulting in one less vote for petitioner, leaving him with 129 votes. That decision was not appealed and, in any event, in view of our determination does not affect the result in this case.

voter in writing in a candidate's name made the voter's intent unclear, here the intent of the five voters to cast their ballots for respondents is apparent. Accordingly, rather than to allow the voters' clear intent to be frustrated by technical rules, we find that the five subject ballots were properly held to be valid *(see, e.g., Hanney v Commissioners of Elections,* 59 AD2d 707; *Matter of Pauly v Mahoney,* 49 AD2d 1014, *appeal dismissed* 37 NY2d 887, *lv denied* 37 NY2d 711; *see also, Matter of O'Brien v Brown,* 180 App Div 853, 854).

Petitioner challenges the remaining three absentee ballots at issue on the basis of residency *(see,* Election Law § 5-102 [1]; § 5-400 [2]). Regarding the ballot of Kenneth Farrell, we find that Supreme Court properly determined his absentee ballot to be valid since the evidence at the hearing did not establish that Farrell had changed his residency to that of a different voting district *(see, Matter of Boyland v Board of Elections,* 104 AD2d 463). As for the remaining two ballots, we note that Supreme Court did not reach the merits of petitioner's allegations for the reason that it determined that it had no jurisdiction over the disputed absentee ballots because they had already been opened and counted at the local polling places before they were challenged *(see, Matter of Gates v Scaringe,* 105 AD2d 543, *lv denied* 63 NY2d 609). However, the record reveals no evidence to support Supreme Court's finding that the voters' ballots had been opened prior to being challenged and the merits of petitioner's challenge should have been addressed. Significantly, based on the uncontradicted testimony at the hearing, petitioner's challenges to those two ballots should have been sustained because those voters were not residents of the Second Legislative District.

Our determination that these last two ballots were invalid does not alter the outcome of this proceeding in petitioner's favor. Even without the two extra votes deemed invalid herein, Dedrick still has enough votes to retain his candidacy regardless of the final votes tallied for petitioner or Connolly.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.

