■ In the Matter of CYNTHIA M. CURTIS, Appellant-Respondent, v HERBERT F. GELLER et al., Respondents, and PAMELA R. BELL, Respondent-Appellant. [605 NYS2d 386] —In a proceeding pursuant to Election Law article 16, *inter alia,* to enjoin the

certification of the winners of the office of member of the Council of the Town of North Salem in the November 2, 1993, General Election, pending the manual counting of the paper ballots cast in the election, the petitioner appeals from so much of a judgment of the Supreme Court, Westchester County (Nastasi, J.), dated December 2, 1993, as directed that one of two of the affidavit ballots contained in the affidavit envelope of a certain voter be cast and counted for Pamela R. Bell, and Pamela R. Bell cross-appeals from so much of the same judgment as directed that a ballot of another voter be cast and counted for the petitioner.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and it is directed that the ballot in question for Pamela R. Bell not be cast and counted; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from, without costs or disbursements.

We agree with the petitioner's contention that the trial court erred in casting and counting a certain ballot for Pamela R. Bell. Election Law § 9-104 (2) provides, in pertinent part, "If a ballot envelope shall contain more than one ballot for the same offices, all the ballots in such envelope shall be rejected." The sealed envelope in question contained two affidavit ballots. Consequently, neither of the ballots should have been counted (see, Election Law § 9-104 [2]).

Moreover, the petitioner correctly contends that, under the facts of this case, the trial court did not err in casting and counting another vote for the petitioner, even though there was an irregularity in the manner in which this vote was physically cast (see, Election Law § 9-112 [6]; *Matter of Carpinello v Tutunjian*, 154 AD2d 872).

We note that in light of our determination, the petitioner and Pamela R. Bell each received the same number of votes for the office of member of the Council of the Town of North Salem.

We have reviewed the parties' remaining arguments and find them to be without merit. Thompson, J. P., Balletta, Pizzuto and Santucci, JJ., concur.