■ In the Matter of ROBERT A. DALY, Respondent, v DOUG-
LAS O. JAYNE et al., Constituting the Niagara County Board
of Elections, et al., Respondents, and JOSEPH PILLITTERE, as
Candidate for Public Office of Member of Assembly of State of
New York, 138th Assembly District, Appellant. [649 NYS2d 254]
—Order unanimously affirmed without costs. Memorandum:
On September 10, 1996, a primary election was held in certain
portions of Niagara County for the Independence Party
nomination for Member of the Assembly of the 138th Assembly
District between Joseph Pillittere (respondent), the designated
candidate, and petitioner, who waged a write-in campaign. The
Niagara County Board of Elections (Board) found five write-in
ballots cast for petitioner to be invalid. Petitioner commenced
this proceeding pursuant to Election Law § 16-106 seeking an
order declaring four of the five disallowed write-in ballots valid
and declaring him the winner of the primary election.
Petitioner subsequently withdrew his challenge to one of the
four ballots.

Following a hearing, Supreme Court granted the petition
and declared the three challenged write-in ballots valid and
declared petitioner the winner of the election. We affirm.

"The Election Law vests the courts with the power to
determine, on a reasonable basis, the intent of the voter in
casting his ballot for a 'write-in' candidate" (Matter of Ballien
v Alpert, 42 AD2d 302, 303, lv denied 33 NY2d 516). The evi-
dence establishes that, although they appeared in a non-
Independence Party portion of the machine, the two write-in
ballots cast for petitioner were actually cast by Independence
Party voters. In each case (the ballots in question occurred at
separate polling places) only one Independence Party member

signed the poll book, and no ballots were cast for respondent. Moreover, both voters signed affidavits, stating that they cast a write-in ballot for petitioner. Although Democratic voters also used the voting machines, the number of those voters entering the voting booth matched the number of votes cast for the listed candidates in the Democratic Party primary. Thus, the circumstances surrounding the election establish that those two ballots were intended for petitioner (*see, Matter of Ballien v Alpert, supra*, at 303).

With regard to the remaining write-in ballot, Election Law § 8-308 (3) "mandates, in clear and unequivocal terms, that '[a] write-in ballot must be cast in its appropriate place on the machine, or it shall be void and not counted'" (*Matter of Haynie v Mahoney*, 48 NY2d 718, 719). Here, the instructions for casting a write-in ballot informed the voters to "raise the diagonal slide at the top of the machine over the title of the office and write therein the name you wish to vote for." The Independence Party 138th Assembly seat designation was listed below column three. There were no offices listed below column four or the remaining columns to the right. Only one Independence Party member voted in this particular polling place, and petitioner received that vote. The Election Commissioner testified at the hearing that the distance between the office and the write-in slot varied from 12 to 24 inches and that in some models the write-in slot was not perfectly aligned above the office. Under those circumstances, the court properly found that the write-in ballot was cast in the appropriate place on the machine (*see, Matter of Hosley v Valder*, 160 AD2d 1094, 1095). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Election Law.) Present—Lawton, J. P., Fallon, Wesley, Balio and Davis, JJ. (Filed Oct. 28, 1996.)