(October 8, 1999)

■ In the Matter of PAUL M. GUILIANELLE, Appellant, v JU-DITH A. CONWAY et al., as Commissioners Constituting the Saratoga County Board of Elections, et al., Respondents. [696 NYS2d 253] —Per Curiam. Appeal from a judgment of the Supreme Court (Williams, J.), entered September 29, 1999 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare petitioner the Conservative Party candidate for the office of Commissioner of Accounts for the City of Mechanicville in the November 2, 1999 general election.

The facts underlying this election appeal are not disputed. Petitioner and respondent Denise M. De Marco are candidates for the office of Commissioner of Accounts for the City of Mechanicville in Saratoga County. As detailed in the record, both candidates sought the Conservative Party nomination in the upcoming race and conducted organized write-in campaigns for that purpose. The primary election was duly held on September 14, 1999, and 27 write-in votes were cast by registered Conservative Party voters for its nomination for Commissioner of Accounts. Petitioner received 12 votes listing his first and last names and De Marco received 10 votes listing her first and last names. In addition, four votes were cast giving only the surname "De Marco" while one vote was cast giving only petitioner's surname. The tally was certified by the election inspectors as 14 votes for De Marco and 13 votes for petitioner and, following a split vote, this result was sustained by the Saratoga County Board of Elections. Petitioner then commenced the instant proceeding pursuant to Election Law § 16-102 challenging the vote totals. Supreme Court dismissed the petition following a hearing and this appeal ensued.

We affirm. The sole issue to be determined on this appeal is petitioner's challenge to the votes listing only the surname De Marco. Notably, although write-in ballots are required to be cast in the designated place on the voting machine (see, Election Law § 8-308 [3]; Matter of Brownson v Andrews, 90 NY2d 949), there is no statutory requirement that the first and last names of the candidates must be included in every situation. Instead, this Court has held that "[t]he Election Law vests the courts with the power to determine, on a reasonable basis, the

intent of the voter in casting his [or her] ballot for a 'write-in' candidate" (*Matter of Ballien v Alpert*, 42 AD2d 302, 303, *lv denied* 33 NY2d 516; *see, Matter of Callahan v Morrow*, 40 AD2d 619). This power stems from "[t]he right of the voter to be safeguarded against disenfranchisement and to have his [or her] intent implemented wherever reasonably possible" (*Matter of Weinberger v Jackson*, 28 AD2d 559, *affd* 19 NY2d 995). Thus, the use of surnames alone on write-in ballots has been held to be sufficient as long as the intent of the voters can be reasonably ascertained from the surrounding circumstances (*see, Hanney v Commissioners of Elections of Westchester County*, 59 AD2d 707; *Matter of Pauly v Mahoney*, 49 AD2d 1014, *lv denied* 37 NY2d 711, *lv denied and appeal dismissed* 37 NY2d 887; *Matter of Carbery v Carbery*, 131 Misc 2d 727, 732).

In this case, petitioner maintains that surnames alone were insufficient to ascertain voter intent because here, unlike the situations in cases such as *Hanney v Commissioners of Elections of Westchester County* (*supra*), De Marco's surname was relatively common in the community as evidenced by an excerpt from the local telephone directory containing 15 listings in the Mechanicville area with the surname De Marco. Given the unambiguous campaign materials for De Marco and the small number of persons entitled to vote in the Conservative Party primary in the subject community, and in light of the absence of testimony regarding confusion in the minds of the voters who cast the contested De Marco ballots, we affirm.

Cardona, P. J., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.