■ In the Matter of ANTHONY AURRICHIO, JR., et al., Respondents, v VINCENT NATRELLA et al., Appellants, et al., Respondents. [759 NYS2d 98] —In a proceeding pursuant to CPLR article 78 and Election Law article 16, inter alia, to declare the petitioners to be the duly-elected officers of the Westchester County Committee of the Conservative Party of the State of New York for the term commencing on September 28, 2002, and to enjoin Vincent Natrella, Lawrence A. Chiulli, John Folkerts, Kathleen B. Walsh, Joseph Malara, Anne Penachio, Kevin Natrella, John McGloine, Gene Branca, Connie Cavriere, Richard Narong, and Susan Simon from holding themselves out as officers of the Westchester County Committee of the Conservative Party of the State of New York, the appeal is

from so much of a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered October 16, 2002, as, after a hearing, granted the petition and declared that the petitioners are the duly elected officers.

Ordered that the proceeding is converted to an action for a declaratory judgment, the order to show cause is deemed to be the summons, and the petition is deemed to be the complaint (*see* CPLR 103 [c]; *Fragoso v Romano,* 268 AD2d 457 [2000]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

This appeal concerns the validity of election results of the Westchester County Committee of the Conservative Party of the State of New York (hereinafter the Committee) following a reorganization meeting held on September 28, 2002. The contested election involved two slates of candidates: a group of incumbents headed by the chairman of the Committee, Vincent Natrella, and a group of challengers headed by Anthony Aurrichio, Jr. The reorganization meeting was noticed for September 28, 2002, at 9:00 A.M. at the Central Square Café in Scarsdale. At approximately 3:30 P.M., Chairman Natrella announced that the meeting was recessed to another restaurant establishment because they had to leave the premises. Dan Pagano, the Third Vice-Chairman, requested a vote, but his request, and subsequent appeal, were both ignored by Natrella. Many members demanded that a vote be taken and objected to the adjournment. Natrella simply said they had to leave, got up and walked out, taking with him the original proxies. It appears that Natrella had reserved the rooms for only the morning, and one of the two rooms had been booked by another group. After Natrella walked out, two meetings were held—one by the group that remained, consisting of a majority of the group, who elected Aurrichio as the new chairman, and another by Natrella and those who followed him to the other restaurant, who re-elected Natrella.

We agree with the Supreme Court's finding that under the circumstances of this case, the manner in which Natrella recessed the meeting was unilateral and improper. Therefore, he abandoned his position as chairman and his candidacy (*see McDonough v Purcell,* 44 Misc 2d 23, 27 [1964]). Many witnesses testified that Natrella gave no explanation for the recess at the time he made his announcement. As chairman, it was Natrella's duty to provide a clear explanation for this unanticipated occurrence, restore order to the room, and resolve the issue of adjournment in an orderly fashion, which could have

been accomplished in the time available. Further, we agree with the Supreme Court's determination that the election of Anthony Aurrichio, Jr., at the continuation meeting was proper.

The appellants' remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.