■ In the Matter of MATTHEW G. MILLER, Respondent, v LAKELAND FIRE DISTRICT et al., Appellants, et al., Respondent. [818 NYS2d 278]—

In a proceeding pursuant to CPLR article 78, inter alia, to set aside and vacate the results of an election held on December 13, 2005 for the position of Fire Commissioner of the Lakeland Fire District, the Lakeland Fire District and Thomas Hughes separately appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Whelan, J.), dated February 15, 2006, which, among other things, granted the petition

and declared that Matthew G. Miller was the winner of the election.

Ordered that the proceeding is converted to an action for a declaratory judgment, the order to show cause is deemed to be the summons, and the petition is deemed to be the complaint (see CPLR 103 [c]; *Matter of Aurrichio v Natrella*, 304 AD2d 660 [2003]; *Fragoso v Romano*, 268 AD2d 457 [2000]); and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner-respondent.

The Lakeland Fire District (hereinafter the Fire District) conducted an election solely for the position of Fire Commissioner on December 13, 2005. The incumbent, the appellant Thomas Hughes, was on the ballot in column 11. The petitioner, Matthew G. Miller, campaigned for the position as a write-in candidate. According to the "Certificate of Inspectors of Election," dated December 20, 2005, there were 11,641 names on the poll list. A total of 480 ballots were cast, of which 223 were for Hughes, 207 were write-in votes for Miller, and 50 were blank, destroyed, or otherwise defective.

Because of an apparent misalignment of the voting machine used for the election, the Fire District Election Committee (hereinafter the Election Committee) determined to count write-in votes for Miller placed in any of columns 10, 11, or 12 of the ballot. It additionally determined only to count write-in votes cast under particular variants of Miller's name.

The Supreme Court properly determined that the Election Committee should have counted write-in votes cast for Miller in all columns of the ballot, not just those cast in columns 10, 11, and 12 of the ballot.

A fire district is a political subdivison of the State of New York, created by authority of the Town Law. Fire district elections are conducted in accordance with specific provisions of the Town Law. Town Law § 176 (7) authorizes a fire district's board of commissioners to "require that candidates for district offices file their names with the secretary of the fire district at least twenty days prior to the date of such fire district elections." It further provides that "[t]hereafter the ballots prepared for the election of fire district officers shall specify the names of the candidates duly filed and in addition provide proper blank spaces for each office to be filled at such election." Pursuant to Town Law § 175, "[t]he secretary of such fire district shall prepare

the ballots for all elections of fire district officers" (Town Law § 175 [1]).

Additionally, Town Law § 176 (29) authorizes a fire district's board of commissioners to "use . . . voting machines at any annual or special election held within the fire district and such voting machine shall be used in accordance with the provisions contained in article nine of the election law." As the Supreme Court noted, a footnote to that section reads: "Election Law of 1949, § 240 et seq.; now covered by Election Law § 7-200 et seq." (McKinney's Cons Laws of NY, Book 61, Town Law § 176, 2006 Pocket Part, at 30). The referenced provisions of the Election Law primarily concern preparation and testing of voting machines. As the Fire District argues, the Election Law section dealing with voting machine ballots, Election Law § 7-104 (7), which requires, in pertinent part, that "[a]ll levers or devices shall be locked in any space which does not contain the name of a candidate or a question to be voted on," is not part of Election Law § 7-200 et seq. Nor is Election Law § 7-104 (7) explicitly referenced by any of those statutes.

Moreover, while the Election Law contains a specific provision regarding the validity of write-in ballots cast on voting machines (see Election Law § 8-308), the Town Law contains no similar provision. Thus, neither Election Law § 7-104 (7) nor Election Law § 8-308 are applicable in this case.

It is undisputed that valid ballots were cast for Miller outside of columns 10, 11, and 12, in the course of an election for a single position involving only two candidates. Thus, as the Supreme Court properly determined, the voters who cast write-in votes for Miller, whatever column they used, clearly intended to cast a vote for Miller for the position of Fire Commissioner.

The Supreme Court also appropriately determined which variations of the petitioner's name to count. The Fire District counted votes cast for the petitioner in columns 10, 11, and 12 under the names of "Matthew G. Miller," "Matthew Miller," "Matt Miller," and "Miller, Matt." The Supreme Court counted additional votes cast under the names of "Matt G. Miller," "M. Miller," "G. Miller Matthew," and "Miller." Given that the petitioner's name is "Matthew G. Miller," the Supreme Court properly exercised its discretion in this matter. The use of a candidate's surname in a write-in vote has been found acceptable where no other candidate with the same surname has campaigned for the position (see Matter of Guilianelle v Conway, 265 AD2d 594 [1999]; Matter of Pauly v Mahoney, 49 AD2d 1014 [1975]).

The appellants' remaining contentions are without merit. Miller, J.P., Adams, Skelos and Covello, JJ., concur.