In the Matter of VIRGINIA BUECHELE, Appellant, v FAIRVIEW FIRE DISTRICT et al., Respondents. [— NYS2d —]—

In a proceeding pursuant to CPLR article 78 and Election Law article 16, among other things, to contest the casting and canvassing of a certain ballot in an election for the public office

of Fire Commissioner of the Fairview Fire District held on December 11, 2012, and, thereupon, to compel the Fairview Fire District to certify the petitioner as duly elected to the public office of Fire Commissioner of the Fairview Fire District, the petitioner appeals from a final order and judgment (one paper) of the Supreme Court, Dutchess County (Forman, J.), dated May 15, 2013, which denied the petition and dismissed the proceeding. Ordered that the final order and judgment is affirmed, without costs or disbursements. The Fairview Fire District held an election for the public office of Fire Commissioner of the Fairview Fire District on December 11, 2012. The two candidates for the office were the petitioner, Virginia Buechele, and the respondent Alan Crotty. Shortly before the polls closed, a voter appeared at the polling place to cast a ballot, but his or her voter registration status could not be immediately verified. The chairperson of the election (hereinafter the chairperson) provided this voter with an envelope, and the election inspector provided the voter with a ballot. The voter printed his or her name and address on the envelope, completed the ballot, placed the ballot in the envelope, and sealed the envelope. The chairperson kept the sealed envelope separate from the ballot box. When the polls closed, the election officials counted the ballots in the ballot box and determined that the petitioner won the election by one vote. The election officials executed a certification form indicating that the petitioner won the election, but they did not file the certification form with the town clerks of the Towns of Hyde Park and Poughkeepsie, as otherwise required by Town Law § 175, since they determined that further steps were required to determine whether the voter whose ballot was placed in the envelope was duly registered to vote. On December 13, 2012, the election officials determined that the voter was duly registered to vote. They opened the envelope and cast and canvassed the uncounted ballot, which was for Crotty. The election officials then executed a second certification form, which was filed with the town clerks of the Towns of Hyde Park and Poughkeepsie on December 14, 2012, indicating that the election resulted in a tie. The petitioner commenced this proceeding pursuant to CPLR article 78 and Election Law article 16, among other things, to contest the casting and canvassing of the subject ballot, and, thereupon, to compel the Fairview Fire District to certify her as duly elected to the public office of Fire Commissioner of the Fairview Fire District. The petitioner asserted that the ballot placed in the sealed envelope was invalid because, under Election Law § 8-302, when a voter appears at a polling place to cast a ballot but his or her voter registration status cannot be immediately verified, the voter

must provide an affidavit stating, among other things, that he or she is duly registered to vote. Here, the petitioner asserted that since no such affidavit was provided, the ballot was invalid and it should not have been cast and canvassed. The Supreme Court denied the petition and dismissed the proceeding. Town Law § 175-a requires voters in fire district elections to be duly registered to vote (*see* Town Law § 175-a). However, Town Law § 175-a does not require a voter whose voter registration status cannot be immediately verified to provide an affidavit stating that he or she is duly registered to vote. The Election Law, in contrast, does contain such a requirement (*see* Election Law § 8-302 [3] [e] [ii]). Specific Election Law provisions, however, do not apply to fire district elections unless the Town Law makes them specifically applicable (*see Matter of Miller v Lakeland Fire Dist.*, 31 AD3d 556, 558 [2006]). The Town Law does not reference Election Law § 8-302 in its provisions governing fire district elections, and, as such, the affidavit required under that statute was not required here. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.