In three related proceeditigs pursuant to Election Law article 16 to preserve for judicial review certain ballots cast in a general election for the public offices of, inter alia, Councilmember, 4th Council District, Town of Brookhaven, held on November 5, 2013, and to contest the casting and canvassing of those ballots or the refusal to cast and canvass those ballots, Constance M. Kepert appeals, as limited by her brief, from so much of a final order of the Supreme Court, Suffolk County (MacKenzie, J.), dated December 10, 2013, as, after a hearing, in effect, denied that branch of the petition in proceeding No. 3 which was to prohibit the casting and canvassing of the ballot designated as exhibit 2 in that proceeding and directed the Suffolk County Board of Elections to cast and canvass that ballot, and, in effect, denied those branches of the petition which were to direct the casting and canvassing of ballots designated as exhibits 3, 8, 15, 17, 19, 20, 21, 23, and 24 in that proceeding and directed the Suffolk County Board of Elections not to cast and canvass those ballots, and Michael A. Loguercio, Jr., cross-appeals, as limited by his notice of appeal and brief, from so much of the same final order as, in effect, granted those branches of the petition in proceeding No. 3 which were to direct the casting and canvassing of ballots designated as exhibits 6, 12, 13, 14, 16, and 22 in that proceeding and directed the Suffolk County Board of Elections to cast and canvass those ballots.
Ordered that the final order is modified, on the law and the facts, (1) by deleting the provisions thereof, in effect, denying that branch of the petition in proceeding No. 3 which was to prohibit the casting and canvassing of the absentee ballot designated as exhibit 2 in that proceeding and directing the Suffolk County Board of Elections to cast and canvass that ballot, and substituting therefor a provision granting that branch of *863 the petition and directing the Suffolk County Board of Elections not to cast and canvass the absentee ballot designated as exhibit 2, and (2) by deleting the provisions thereof, in effect, denying those branches of the petition in proceeding No. 3 which were to direct the casting and canvassing of the ballots designated as exhibits 3, 15, 19, 20, 21, 23, and 24 and directing the Suffolk County Board of Elections not to cast and canvass those ballots, and substituting therefor a provision granting those branches of the petition and directing the Suffolk County Board of Elections to cast and canvass the ballots designated as exhibits 3, 15, 19, 20, 21, 23, and 24; as so modified, the final order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
“A vote for any candidate or ballot measure shall not be rejected solely because the voter failed to follow instructions for marking the ballot. ... A mark is considered valid when it is clear that it represents the voter’s choice and is the technique consistently used by the voter to indicate his or her selections” (9 NYCRR 6210.13 [a] [2], [3]; see Matter of Stewart v Chautauqua County Bd. of Elections, 14 NY3d 139, 149 [2010]; Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d 18, 23-24 [2004]). Contrary to the contention of Constance M. Kepert, the petitioner in proceeding No. 3, the Supreme Court did not err in determining that the inconsistent and extraneous markings on the absentee ballot designated as exhibit 8 rendered it impossible to determine the voter’s intent (see 9 NYCRR 6210.13 [a] [2], [3]; Matter of Stewart v Chautauqua County Bd. of Elections, 14 NY3d at 149; cf. Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d at 24). Thus, the court properly, in effect, denied that branch of the petition in proceeding No. 3 (hereinafter the petition) which was to direct the casting and canvassing of the absentee ballot designated as exhibit 8. Based on these same principles, the court properly determined that the absentee ballots designated as exhibits 12, 13, 14, and 22 were valid because the markings used by each voter clearly and consistently indicated his or her choice on the ballot. Accordingly, the court properly, in effect, granted those branches of the petition which were to direct the casting and canvassing of the absentee ballots designated as exhibits 12, 13, 14, and 22.
However, the Supreme Court erred in determining that the absentee ballots designated as exhibits 19, 20, 21, and 23, and the affidavit ballot designated as exhibit 24, were invalid. Although the markings on these ballots did not strictly comport with the instructions for marking the ballot, they clearly represented each voter’s choice (see Matter of Stewart v Chautauqua County Bd. of Elections, 14 NY3d at 149).
*864 The Supreme Court also erred in invalidating the absentee ballot designated as exhibit 15. The voter utilized an absentee ballot because she suffered from a permanent disability. Her absentee ballot envelope was initially signed by another voter, who lived at the same address and cast her own absentee ballot, which was designated here as exhibit 16, due to her own permanent disability. Thereafter, the erroneous signature on the envelope containing the ballot designated as exhibit 15 was crossed out and the proper voter’s signature was inscribed above it. We find that the proper voter’s signature on the absentee ballot envelope containing the ballot designated as exhibit 15 corresponds to the signature found in her voter registration record. Under these circumstances, the court should have determined that the absentee ballot designated as exhibit 15 was valid (cf. Matter of DiPietro v New York State Bd. of Elections, 30 Misc 3d 449, 453 [2010]). However, the court properly determined that the absentee ballot designated as exhibit 16 was valid.
The Supreme Court also erred in invalidating the special ballot designated as exhibit 3. Contrary to the court’s determination, the credible evidence adduced at the hearing conducted by the Supreme Court demonstrated that this special ballot was received by the Suffolk County Board of Elections (hereinafter the Board of Elections) in a timely fashion (see Election Law §§ 11-302, 9-209; cf. Matter of Coviello v Knapp, 91 AD3d 868, 869 [2012]). Consequently, the court should have granted that branch of the petition which was to direct the casting and canvassing of the special ballot designated as exhibit 3.
Furthermore, the Supreme Court erred in determining that the absentee ballot designated as exhibit 2 was valid, since the signature on the envelope in which that absentee ballot was submitted did not correspond to the signature on the voter’s registration poll record (see Election Law §§ 8-506 [1]; 9-104 [1]; 9-209 [2] [a] [i] [C]; Matter of Johnson v Martins, 79 AD3d 913, 920-921 [2010], affd 15 NY3d 583 [2010]; Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d at 25; Matter of Kolb v Casella, 270 AD2d 964 [2000]). Accordingly, the court should have granted that branch of the petition which was to prohibit the casting and canvassing of the absentee ballot designated as exhibit 2.
Contrary to the contention of Michael A. Loguercio, Jr., a party to proceeding No. 3, the Supreme Court did not err in determining that the special ballot designated as exhibit 6 was valid, and thereupon, in effect, granting that branch of the petition which was to direct the casting and canvassing of that ballot. “[A]n employee of the board of elections [or poll worker] *865 may deliver to the . . . board of elections, at any time during the period in which an application for an absentee ballot may be so delivered ... a written statement that he or she will be unable to appear at the polling place for such election district on the day of an election because his or her duties as an employee of such board . . . require him or her to be elsewhere. The board of elections shall provide such voter a special ballot not earlier than two weeks before the election and not later than the close of the polls on election day. Such cast ballots may be delivered to an office of such board of elections or to any board of inspectors not later than the close of the polls on election day” (Election Law § 11-302). This statute, by its terms, requires that a poll worker submit only one statement of the reason for his or her inability to vote in person at his or her polling place. Upon providing such statement to a board of elections, such poll worker is entitled to a special ballot. Election Law § 11-302 does not require the poll worker to provide any subsequent statement or affirmation of the reason that he or she requires a special ballot. In contrast to Election Law §§ 7-122 and 8-400, which prescribe the form and content of absentee ballot applications and absentee ballots, Election Law § 11-302 does not prescribe the form of the “written statement” required to obtain a special ballot (see Matter of Panio v Sunderland, 14 AD3d 627, 631 [2005], affd in part and mod in part on other grounds, 4 NY3d 123 [2005]). Similarly, Election Law § 11-302 does not specify the form of the special ballot itself or the envelope, if any, in which it is to be delivered. Since the poll worker who cast the special ballot designated as exhibit 6 complied with the requirements of Election Law § 11-302, the court properly determined that this ballot was valid.
Finally, the Supreme Court did not err in determining that the absentee ballot designated as exhibit 17 was invalid. With respect to this ballot, the witness to the voter’s mark on the absentee ballot envelope testified at the hearing that she witnessed the voter make his mark. However, the court found that her testimony was not credible. We defer to the court’s credibility determination in this instance, as it had the opportunity to observe the demeanor of the witness (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492 [1983]), and we decline to disturb its determination that this ballot was invalid.
Accordingly, we conclude that the Board of Elections should not cast or canvass the ballots designated as exhibits 2, 8, and 17, and should cast and canvass the ballots designated as exhibits 3, 6, 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, and 24. We *866 note that no argument was raised on either the appeal or the cross appeal with respect to the propriety of the Supreme Court’s determination as to the validity of ballots designated as exhibits 1, 5a, 5b, 7, 9, and 18. Dillon, J.E, Chambers, Lott and Cohen, JJ., concur.