■ In the Matter of MICHAEL ROSENBLUM, Appellant, v TALL-MAN FIRE DISTRICT et al., Respondents, and ROBERT DOREMUS, Respondent. [986 NYS2d 582]—

In a proceeding pursuant to CPLR article 78 and Election Law article 16, inter alia, to contest the casting and canvassing of or the refusal to cast certain ballots in an election for the public office of Fire Commissioner of the Tallman Fire District held on December 10, 2013, and thereupon to compel the Tallman Fire District to certify the petitioner as duly elected to the public office of Fire Commissioner of the Tallman Fire District, the petitioner appeals from so much of a final order of the Supreme Court, Rockland County (Walsh II, J.), dated February 3, 2014, as, after a hearing, denied those branches of the petition which were to prohibit the casting and canvassing of ballots designated as Exhibits 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 and directed the Board of Elections of the Tallman Fire District to cast and canvass those ballots, and, upon the stipulation of the petitioner and the respondent Robert Doremus that, notwithstanding the failure of that respondent to commence a separate proceeding to contest the refusal to cast and canvas ballots designated as exhibits R and X, the Supreme Court could consider a request for that relief, granted those branches of the application of the respondent Robert Doremus which were to direct the casting and canvassing of ballots designated as exhibits R and X and directed the Board of Elections of the Tallman Fire District to cast and canvass those ballots.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

On December 10, 2013, the Tallman Fire District conducted an election for the public office of Fire Commissioner of the Tallman Fire District. The petitioner and the respondent Robert Doremus were the only two candidates who campaigned. The petitioner's name was preprinted on the ballot, whereas Doremus ran a write-in campaign. The results of the canvass certified by the election officials indicated that 153 ballots were cast for the petitioner, 155 were cast for Doremus, and 12 were void.

The petitioner commenced this proceeding, inter alia, to contest the casting and canvassing of certain write-in ballots that were counted for Doremus. Doremus did not file an answer, or commence a separate proceeding to contest the refusal to cast or canvas any ballots. However, at the ensuing hearing, the parties stipulated, inter alia, to allow Doremus to contest the

refusal to cast and canvas certain write-in ballots that had been voided by the election officials, and to admit those ballots into evidence for the court's review.

Contrary to the petitioner's contention, the Supreme Court did not err in determining that the ballot designated as exhibit 3 was properly counted in favor of Doremus. Although the voter used a mark next to each of the candidates' names, he or she clearly indicated his or her choice, including by writing the words "no" next to the petitioner's name and "yes" next to Doremus's (*see* 9 NYCRR 6210.13 [a] [3] [i]; *Matter of Kelley v Lynaugh*, 112 AD3d 862, 863 [2013]). Since the voter clearly indicated his or her selection, the fact that his or her use of multiple marks did not strictly comport with the ballot instructions did not render the ballot invalid (*see* 9 NYCRR 6210.13 [a] [2]; *Matter of Stewart v Chautauqua County Bd. of Elections*, 14 NY3d 139, 149 [2010]; *Matter of Kelley v Lynaugh*, 112 AD3d at 863).

Nor did the Supreme Court err in determining that the ballots designated as exhibits 4, 5, 6, 7, 8, 9, 10, 11, and 12, which reflected misspellings or abbreviated versions of Doremus's name, were properly counted for Doremus. Since Doremus was the only candidate who campaigned for the single position in this election to whom the names written in on these ballots could have referred, the intent of the voters to cast them for Doremus was clear. Accordingly, the Supreme Court appropriately confirmed the election officials' determination to count those ballots for Doremus (*see* 9 NYCRR 6210.13 [a] [12] [iv]; *Matter of Miller v Lakeland Fire Dist.*, 31 AD3d 556, 558 [2006]; *Matter of Francis v Palombo*, 2 AD3d 1148, 1149 [2003]; *Matter of Ballien v Alpert*, 42 AD2d 302, 303 [1973]). For the same reason, the voters' noncompliance with the ballot instruction to use the candidate's "exact legal name" in writing in Doremus's name on these ballots did not render them invalid (*see* 9 NYCRR 6210.13 [a] [2]).

In light of the parties' stipulation, there is no merit to the petitioner's contention that it was inappropriate for the Supreme Court to review the voided ballots designated as exhibits R and X on the ground that Doremus challenged them for the first time at the hearing (*see Cullen v Naples*, 31 NY2d 818, 820 [1972]; *Matter of New York, Lackawanna & W. R.R. Co.*, 98 NY 447, 453 [1885]), or that Doremus did not commence a separate proceeding to contest the refusal to cast or canvass those ballots.

The Supreme Court also properly concluded that these ballots should not have been invalidated. The ballot designated as Ex-

hibit R, on which the voter wrote in "Mr. Robert Doremus" on the appropriate line, was not invalid because the voter failed to also mark an X or check mark next to Doremus's name. Although the voter's failure to include such a mark technically violated the ballot instructions, the candidate whom the voter intended to select was clear (*see* 9 NYCRR 6210.13 [a] [2]; *Hanney v Commissioners of Elections of Westchester County*, 59 AD2d 707 [1977]). The ballot designated as exhibit X, on which the voter wrote "Doremus," followed by an X on the appropriate line, was not invalid because it omitted Doremus's first name. Where, as here, there is only one candidate with the surname indicated, and the surrounding circumstances are such that that candidate is the only individual for whom the voter reasonably could have intended the ballot to be cast, the omission of a write-in candidate's first name does not render the ballot invalid (*see* 9 NYCRR 6210.13 [a] [12] [iv]; *Matter of Miller v Lakeland Fire Dist.*, 31 AD3d at 558; *Matter of Guilianelle v Conway*, 265 AD2d 594, 594-595 [1999]).

In light of the foregoing, Doremus's contentions relating to the ballots designated as exhibits 1 and 2 need not be considered. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.