(September 7, 1999)

■ In the Matter of KEVIN F. SCANLAN, Appellant, v THOMAS F. TURCO et al., Constituting the Ulster County Board of Elections, et al., Respondents. [694 NYS2d 806] —Per Curiam. Appeal from an order of the Supreme Court (Bradley, J.), entered September 1, 1999 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to invalidate the certificate of nomination naming respondents Cindy L. Johansen and Duane Lester as the Conservative Party candidates for the office of Member of the Town Council of the Town of Olive in the November 2, 1999 general election.

Petitioner, the Chair of the Republican Party of the Town of Olive in Ulster County, commenced this proceeding pursuant to Election Law § 16-102 to challenge the certificate of nomination of the Conservative Party naming respondents Cindy L. Johansen and Duane Lester (hereinafter collectively referred to as respondents) as candidates for the office of Member of the

Town Council of the Town of Olive. Supreme Court, relying upon the Court of Appeals' decision in *Matter of Stempel v Albany County Bd. of Elections* (60 NY2d 801, *affg* 97 AD2d 647), dismissed the petition, finding that petitioner lacked standing to challenge the certificate of nomination at issue. This appeal by petitioner ensued.

There must be a reversal. To be sure, *Matter of Stempel v Albany County Bd. of Elections* (*supra*) indeed stands for the proposition that a member of one political party does not have standing as an "aggrieved candidate" (Election Law § 16-102 [1]) to challenge the nomination of candidates of a different political party. Here, however, petitioner does not contend that he has standing to bring this proceeding as an "aggrieved candidate"; rather, petitioner bases his standing upon his status as "the chairman of a[ ] party committee" (Election Law § 16-102 [1]) who, we note, has commenced this proceeding to challenge an alleged failure to comply with the statutory requirements governing the nomination of candidates by party caucus (Election Law § 6-108; *see, Scoville v Cicoria*, 65 NY2d 972, 974). Under such circumstances, we find that Supreme Court erred in concluding that petitioner lacked standing to commence this proceeding.

Turning to the merits, petitioner has alleged that the caucus that culminated in the certificate of nomination naming respondents as the Conservative Party candidates for the Town Council of the Town of Olive was not conducted in compliance with the notice requirements set forth in Election Law § 6-108 (3). As respondents' answer fails to deny petitioner's allegations of noncompliance, we grant the petition and invalidate the underlying certificate of nomination (*see, Matter of Seaman v Bird*, 176 AD2d 1061, 1062).

Mercure, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted and the certificate of nomination naming respondents Cindy L. Johansen and Duane Lester as Conservative Party candidates for the Town Council of the Town of Olive is declared to be invalid.