(October 30, 2003)

◼ In the Matter of PATRICIA GAGE, Appellant, v MICHAEL J. HAMMOND et al., Respondents. [766 NYS2d 399] —Per Curiam. Appeal from a judgment of the Supreme Court (Keegan, J.), entered October 20, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the caucus report naming certain respondents as Democratic Party candidates for various offices in the Town of Knox in the November 4, 2003 general election.

Petitioner commenced this proceeding challenging the Democratic Party nomination of certain respondents for town offices in the Town of Knox, Albany County, in the November 4, 2003 general election. In petitioner's view, there was insufficient notice of the caucus giving rise to these nominations and the subsequent filing of the caucus report memorializing said nominations with the Albany County Board of Elections (hereinafter Board) was untimely. The respondent candidates and respondent chair of the caucus (hereinafter collectively referred to as respondents) answered, alleging, among other things, that petitioner failed to join necessary parties and the proceeding itself was untimely. Supreme Court, agreeing with respondents, dismissed the petition without reaching the merits after concluding that petitioner had failed to join and serve necessary parties. Petitioner now appeals.

The named respondents in this proceeding are each of the seven candidates at issue, the chair of the caucus, and the Commissioners of Elections of Albany County, who together constitute the Board. Joinder of these parties was unquestionably proper (see Matter of Castracan v Colavita, 173 AD2d 924, 926 [1991], appeal dismissed 78 NY2d 1041 [1991]; Matter of Fatone v Board of Elections of County of Rensselaer, 218 AD2d 913, 914 [1995]). However, Supreme Court found fault with petitioner's failure to join the caucus itself and the caucus secretary, reasoning that, where the "conduct and actions of the caucus" are challenged, these entities are necessary parties who would be "inequitably affected" by a judgment in the instant proceeding (CPLR 1001 [a]). We cannot agree.

We initially note that the caucus chair was named as a respondent and speaks for the caucus and its members. Moreover, it is not the specific actions of the caucus itself that are at issue. Petitioner's pleadings do not raise any contention that the conduct or actions of the caucus were improper (*compare Matter of Marin v Board of Elections of State of N.Y.,* 111 AD2d 489, 489 [1985], *revd* 67 NY2d 634 [1986]). Rather, petitioner raises claims regarding notice of the impending caucus and the subsequent filing of the caucus report, events which predate and follow the convening of the caucus. Accordingly, the petition should not have been dismissed on this procedural ground.

Turning to the merits of petitioner's contention, it is clear that: "notice of any party caucus * * * shall be given by proper party authorities by posting such notice in the public areas at the offices of the town clerk and the board of elections and filing a copy of such notice with such clerk and such board at least ten days preceding the day of the caucus and, either by newspaper publication thereof once within the town at least one week and not more than two weeks preceding the caucus, or by posting in ten public places in the town at least ten days preceding the day of the caucus" (Election Law § 6-108 [3]). In the hearing before Supreme Court, respondents stipulated that, although a notice of the caucus was published in a local newspaper, there was no posting or filing of a notice in the offices of the town clerk or Board. "Because the notice provisions of Election Law § 6-108 are mandatory, the lack of compliance with the publication requirements of that section rendered the caucus and, consequently, the purported nominations invalid" (*Matter of Freed v Hill,* 176 AD2d 1065, 1067 [1991] [citations omitted]; *see Matter of Scanlan v Turco,* 264 AD2d 863, 864 [1999]; *Matter of Beckley v Kinley,* 176 AD2d 1062, 1063 [1991]). We have considered respondents' arguments that the order to show cause commencing this proceeding was improperly served and that the proceeding was untimely and we find no merit to either argument.

Spain, J.P., Carpinello, Rose, Lahtinen and Kane, JJ. concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and the caucus report naming certain respondents as the Democratic Party candidates for various offices in the Town of Knox in the November 4, 2003 general election is declared invalid.