In the Matter of EVELYN FRANCIS et al., Respondents, v DELIA A. PALOMBO et al., Appellants, et al., Respondents. [768 NYS2d 667]—

Per Curiam. Appeal from a judgment of the Supreme Court (Benza, J.), entered December 5, 2003 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to Election Law §§ 16-106 and 16-112, to declare invalid certain ballots cast in the Town of Knox in the November 4, 2003 general election.

In *Matter of Gage v Hammond* (309 AD2d 1061, 1062 [2003]), this Court declared invalid the caucus report nominating the Democratic Party candidates for various offices in the Town of Knox general election due to a failure to comply with the mandatory notice provisions of Election Law § 6-108. As a result, respondents August J. Landauer and Delia A. Palombo (hereinafter collectively referred to as respondents) were removed as the Democratic candidates for the offices of Highway Superintendent and Receiver of Taxes, respectively. Landauer remained on the ballot on the Conservative Party line. Prior to our decision, the Albany County Board of Elections had mailed out absentee ballots which listed the Democratic Party candidates, including respondents. Subsequent to our decision, duplicate absentee ballots not containing the Democratic slate were mailed with a letter advising voters of the need for the new ballots. The duplicate absentee ballots, like the original absentee ballots, contained a line for write-in candidates.

At the subsequent election, Landauer received 487 votes—220 on the Conservative line and 267 machine write-in votes—while his opponent, petitioner Gary Salisbury, received 268 votes. As to the office of Receiver of Taxes, Palombo and her opponent, petitioner Evelyn Francis, each received 405 votes. All of the votes cast for Palombo were write-ins. Salisbury and Francis thereafter commenced the instant proceeding challenging certain write-in ballots cast for respondents. Supreme Court invalidated all of the write-in ballots cast for Landauer and a single write-in ballot cast for Palombo. The court further rejected respondents' contention that three original absentee ballots should have been counted for Palombo since no subse-

quent duplicate ballots were received from those voters. Respondents appeal.

With regard to the votes cast for Landauer, it is undisputed that Landauer received 267 write-in votes notwithstanding his presence on the ballot as the Conservative Party candidate. Election Law § 8-308 (2) states: "No write-in ballot shall be voted for any person for any office whose name appears on the machine as a nominated or designated candidate for the office or position in question; any write-in ballot so voted shall not be counted." We are constrained by the clear and unequivocal language of the statute to conclude that Supreme Court correctly ruled that all write-in votes cast for Landauer should not be counted (see Brownson v Andrew, 90 NY2d 949 [1997] [write-in ballots not in proper column held invalid under the clear and unequivocal terms of Election Law § 8-308 (3); cf. Burdick v Takushi, 504 US 428 [1992] [upholding Hawaii's prohibition of any write-in ballots]).

As to Palombo, Supreme Court sustained petitioners' challenge to a single write-in vote on machine number two on the grounds that the name written is illegible. An examination of the writing unveils a capital "D" followed by a lower-case "e," two short vertical marks and an "a." Following a "p" and several more undecipherable letters, the writing concludes with "mbo." Given the circumstances of this case, including, the well-publicized write-in campaign, the fact that the Board of Elections at one time concluded that the vote cast was for Palombo and the fact that Palombo is the only write-in candidate voted for in column 14 of the roll in question, we conclude that this vote should have been counted in Palombo's favor (see Matter of Guilianelle v Conway, 265 AD2d 594 [1999], lv denied 94 NY2d 752 [1999]; Matter of Hosley v Valder, 160 AD2d 1094, 1096 [1990]).

Turning finally to respondents' contention that a few of the original absentee ballots should have been counted, those original absentee ballots were rendered invalid by this Court's decision in Matter of Gage v Hammond (supra). We thus agree with Supreme Court and the Board of Elections that those ballots cannot now be counted.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as declared a write-in vote from machine number two invalid, and, as so modified, affirmed.