■ Patricia Gage et al., Appellants, v Michael J. Monescalchi, Respondent. [793 NYS2d 235]—

Rose, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered August 5, 2004 in Albany County, which, inter alia, granted defendant's motion to dismiss the complaint.

In two separate earlier proceedings pursuant to Election Law §§ 16-102, 16-106 and 16-112, plaintiffs were ultimately successful on appeal in challenging certain determinations made by defendant as the Democratic Commissioner of the Albany County Board of Elections (see Matter of Francis v Palombo, 2 AD3d 1148, 1149 [2003]; Matter of Gage v Hammond, 309 AD2d 1061, 1062 [2003]). Plaintiffs then commenced this action seeking damages based on allegations that defendant had acted in violation of the Election Law. A review of the record reveals, however, that the damages they seek consist solely of the filing fees, disbursements and counsel fees incurred in the earlier proceedings. Accordingly, Supreme Court properly dismissed the complaint.

While a claim in damages may be brought against election officers if they breach their ministerial duties (see Frank v Eaton, 225 App Div 149 [1928]; Schwartz v Heffernan, 201 Misc 101 [1951], affd 279 App Div 898 [1952], affd 304 NY 474 [1952]), the only damages that plaintiffs seek cannot be awarded here. To the extent that they seek to recover the fees and disbursements incurred in the earlier special proceedings, we note that the extent of any award of costs and disbursements is governed

by the CPLR, and bills of costs would be appropriate only in the earlier proceedings themselves (*see* CPLR arts 81-84). As for plaintiffs' claim for counsel fees, it is the well-settled rule in New York that such fees are considered incidents of litigation, rather than damages, and are not recoverable unless authorized by statute, court rule or the parties' written agreement (*see Baker v Health Mgt. Sys.*, 98 NY2d 80, 88 [2002]; *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465, 468 [2003], *lv dismissed* 100 NY2d 640 [2003]). Here, plaintiffs cite no statute or other authority that explicitly provides for awards of counsel fees to successful litigants in proceedings brought pursuant to the Election Law. In light of this determination, we need not consider plaintiffs' remaining contentions.

Cardona, P.J., Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.