OPINION OF THE COURT
Memorandum.
Ordered that the order is modified by providing that the branch of defendant’s motion seeking to dismiss so much of the amended complaint’s first cause of action as was based upon a claim that defendant violated the Fair Debt Collection Practices Act by sending plaintiff a notice advising him that if he sought to dispute the debt he was required to do so in writing is denied; as so modified, the order is affirmed, without costs.
Plaintiff brought this action alleging, in paragraph 23 (a), (b) and (c) of his amended complaint, as a first cause of action, three violations of the Fair Debt Collection Practices Act (FDCPA) (15 USC § 1692 et seq.), in that defendant had sought to collect the debt of another but had not been licensed to do so in the City of New York (para 23 [a]) and that defendant had failed in two respects to provide him with proper notice of the alleged debt (para 23 [b], [c]), including by advising plaintiff in the notice that, if he wished to dispute the debt, he was required to do so in writing (para 23 [b]). *87 Plaintiff asserted, as a second cause of action, that, based upon the aforementioned violations of the FDCPA, defendant had violated General Business Law § 349. Defendant moved to dismiss the amended complaint on the grounds that it failed to state a cause of action (CPLR 3211 [a] [7]) and that a defense existed founded upon documentary evidence (CPLR 3211 [a] [1]). In opposition to the motion, plaintiff stated that defendant had not been licensed to collect the alleged debt of another, as required by the New York City Department of Consumer Affairs, and yet defendant had sent him a dunning letter dated September 1, 2008 in violation of the FDCPA (15 USC §§ 1692e, 16920. Plaintiff further alleged that the dunning letter failed to comply with the FDCPA’s notice requirements pursuant to 15 USC § 1692g and § 1692e (ID.
The Civil Court granted defendant’s motion to dismiss the amended complaint without opinion.
In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), “the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law, a motion for dismissal will fail” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Wilner v Allstate Ins. Co., 71 AD3d 155 [2010]). A motion to dismiss an action based upon documentary evidence may be granted only where the documentary evidence utterly refutes the allegations in the complaint, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
 In our view, defendant’s motion, insofar as it sought to make a prima facie showing for the dismissal of plaintiffs claim as alleged in paragraph 23 (a) of the amended complaint, was properly granted as that subparagraph fails to state a cause of action (CPLR 3211 [a] [7]). The failure to possess a license, in violation of Administrative Code of the City of NY § 20-490, does not constitute a violation of the FDCPA (see James v Merchants & Professionals, Inc., 2010 WL 785803, *1, 2010 US Dist LEXIS 20959, *4-5 [ED NY 2010]; McDowell v Vengroff, Williams & Assocs., Inc., 2006 WL 1720435, 2006 US Dist LEXIS 41493 [ED NY 2006]; see also Nero v Law Off. of Sam Streeter, P.L.L.C., 655 F Supp 2d 200 [ED NY 2009]; contra Williams v Goldman & Steinberg, Inc., 2006 WL 2053715, *1, 2006 US Dist LEXIS 50222, *2 *88 [ED NY 2006]). Plaintiff’s amended complaint, however, states a cause of action in paragraph 23 (b) thereof, in that it alleges a violation of the FDCPA based upon the fact that defendant’s dunning letter of September 1, 2008 improperly-included a notice that in the event plaintiff sought to dispute the debt, he was required to do so in writing. Consequently, this claim should not have been dismissed by the Civil Court (see Jerman v Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 US —, 130 S Ct 1605 [2010]). With respect to the claim asserted in paragraph 23 (c) of the amended complaint to the effect that defendant had violated the notice requirement of the FDCPA (15 USC § 1692e [11]) in that the dunning letter defendant had sent to plaintiff failed to set forth the required notice that defendant was attempting to collect a debt, we find that the documentary evidence refutes plaintiffs factual allegations and conclusively establishes a defense as a matter of law against said claim as the letter in fact contained such a notice. Thus, the claim asserted in paragraph 23 (c) of the first cause of action of the amended complaint was properly dismissed.
Plaintiffs second cause of action alleges that defendant’s violations of the FDCPA constituted a violation of General Business Law § 349. As a threshold matter, a claim under General Business Law § 349 must charge conduct that is consumer oriented, and the acts or practices must have a broad impact on consumers at large (Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 343 [1999]; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 320 [1995]; Sichel v UNUM Provident Corp., 230 F Supp 2d 325 [2002]). The injury must be to the public generally as distinguished from the plaintiff alone (see MaGee v Paul Revere Life Ins. Co., 954 F Supp 582, 586 [ED NY 1997]). Although the acts alleged herein fall within the consumer-oriented ambit of General Business Law § 349 (see generally Ellis v Cohen & Slamowitz, LLP, 701 F Supp 2d 215 [ND NY 2010]; Sokolski v Trans Union Corp., 53 F Supp 2d 307 [ED NY 1999]), the allegations in the amended complaint establish only a private dispute that is unique to the parties. As plaintiff failed to set forth sufficient allegations to state a cause of action under General Business Law § 349, the second cause of action was properly dismissed.
Accordingly, the order is modified by providing that the branch of defendant’s motion seeking to dismiss so much of the amended complaint’s first cause of action as was based upon a *89 claim that defendant violated the Fair Debt Collection Practices Act by sending plaintiff a notice advising him that if he sought to dispute the debt he was required to do so in writing is denied, and as so modified, the order is affirmed.
Golia, J.P, Pesce and Steinhardt, JJ., concur.