*817 Memorandum:
Plaintiffs commenced this medical malpractice action seeking damages for the failure of defendants to diagnose and treat Daniel C. Oakes (plaintiff) for a sentinel bleed from a cerebral aneurysm. Following the first trial, the jury returned a verdict finding, inter alia, that defendants, Rajnikant Patel, M.D., Satish K. Mongia, M.D., and Kaleida Health, as successor in interest to Millard Fillmore Hospitals, doing business as Millard Fillmore Suburban Hospital (Kaleida), were negligent and also that Kaleida was vicariously liable for the negligence of third-party defendant Dent Neurologic Institute (Dent). The jury apportioned fault among defendants and awarded plaintiffs damages in various amounts including, insofar as relevant to this appeal, $1 million to plaintiff for past pain and suffering and $60,000 to plaintiff wife for past loss of services, as well as future damages covering 18 years in the amount of $1 million for plaintiff’s future pain and suffering, $1.8 million for plaintiff’s future supportive living expenses and $150,000 for plaintiff wife’s future loss of services.
Plaintiffs moved to set aside the verdict on damages only based on, inter alia, the ground that certain elements of the award were inadequate. Supreme Court, inter alia, granted the post-trial motion in part and set aside the verdict with respect to damages for past and future pain and suffering, past and future loss of services and future supportive living expenses, and the court ordered a new trial on those elements of damages unless defendants stipulated to an award of $5 million for past pain and suffering and $1.5 million for past loss of services, as well as an award covering 18 years in the amount of $5 million for future pain and suffering, $2 million for future loss of services and $3.9 million for future supportive living expenses.
Also following the jury verdict, Kaleida moved for, inter alia, leave to amend its answer to the amended complaint to include an affirmative defense of release and an affirmative defense pursuant to General Obligations Law § 15-108. According to Kaleida, plaintiffs each executed and filed a proof of claim in a liquidation proceeding in March 2003 against Kaleida’s insurer, PHICO Insurance Company (PHICO), that included a release of *818 claims against any PHICO insured. Kaleida filed its own proof of claim in that proceeding in December 2007 with respect to this action against it and, although the deadline to file proofs of claim in the liquidation proceeding was April 1, 2003, Kaleida averred that it had been advised by PHICO that its proof of claim was timely. Kaleida alleged that it did not receive copies of plaintiffs’ proofs of claim until May 2008, after the conclusion of the first trial, and that the proposed amendments to its answer would not prejudice plaintiffs. The court denied the motion.
Defendants subsequently refused to stipulate to the court’s increased damages, and a new trial on the issue of those damages was conducted. Following the second trial, the jury returned a verdict awarding plaintiff $5.6 million for past pain and suffering and awarding plaintiff wife $1.5 million for past loss of services and society. The jury also awarded future damages covering 17 years in the amount of $4,720,000 for plaintiff’s future custodial care and supportive services, $4 million for plaintiffs future pain and suffering, and $150,000 for plaintiff wife’s future loss of household services and $750,000 for her future loss of services and society. Defendants thereafter each moved, inter alia, to set aside the verdict on the ground that the award for past and future pain and suffering, past and future loss of services and society and future custodial home care was excessive. Kaleida and Dr. Mongia also contended that they had been prejudiced when the court erred in admitting certain evidence and precluding other evidence, and when plaintiffs’ counsel and the court engaged in inappropriate conduct. The court denied those parts of defendants’ respective motions to set aside the verdict, and this appeal ensued.
We conclude that the court properly denied that part of Kaleida’s motion for leave to amend its answer to the amended complaint to include an affirmative defense of release and an affirmative defense pursuant to General Obligations Law § 15-108. The proofs of claim executed and filed by plaintiffs in the liquidation proceeding with respect to PHICO contained releases with respect to “any and all claims [that] have been or could be made against [a] PHICO insured based on or arising out of the facts supporting the . . . [p]roof of [c]laim up to the amount of the applicable policy limits and subject to coverage being accepted by the Liquidator.” Further, the notice received by plaintiffs in connection with their proofs of claim states that, “[i]f coverage is avoided by the Liquidator, [the] release[s] become[ ] null and void.” Because Kaleida’s liability for the negligence of Dent is included in the claims specified to PHICO *819 and because PHICO’s liquidators avoided, or announced that they would avoid, coverage of that portion of the claim, plaintiffs’ releases were rendered null and void.
We further conclude that defendants were not denied a fair trial based on the alleged inappropriate conduct of plaintiffs’ counsel or the court. Any improper remarks by plaintiffs’ counsel did not deny defendants a fair trial because “ ‘they did not constitute a pattern of behavior designed to divert the attention of the jurors from the issues at hand’ ” (Kmiotek v Chaba, 60 AD3d 1295, 1296 [2009]). Furthermore, although certain actions and statements of the court may have been somewhat intemperate or ill-advised, we conclude that, “overall[,] the conduct complained of was not so egregious as to have deprived the [defendants] of a fair trial” (Malaty v North Ark. Wholesale Co., 305 AD2d 556 [2003]; see Sheinkerman v 3111 Ocean Parkway Assoc., 259 AD2d 480 [1999], lv dismissed in part and denied in part 93 NY2d 956 [1999]).
We further conclude that the jury’s verdict on liability in the first trial is not against the weight of the evidence (see generally Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]), and that the various elements of damages awarded in the second trial do not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]).
Finally, we note our agreement with plaintiffs that the court properly granted those parts of their post-trial motion in the first trial to set aside certain elements of the award of damages as inadequate. With respect to the issue of the additur as raised by the dissent (Peradotto, J.), however, we conclude that, because defendants did not challenge the court’s additur before, during or after the second trial, and did not raise that issue on appeal, no such issue is properly before us. Indeed, the only contentions raised by defendants on appeal in the “argument” sections of their briefs regarding damages are that the court erred in granting in part plaintiffs’ motion to set aside the jury verdict in the first trial on the ground that certain portions of the damages award were inadequate, without addressing the amount of the court’s additur with respect thereto, and that the court erred in denying those parts of their motions seeking to set aside the second verdict on the ground that certain portions of the damages award were excessive. We cannot conclude that, by challenging the court’s order setting aside the first verdict in part, defendants thereby implicitly challenged the amount of the court’s additur (see generally Gerbino v Tinseltown USA, 13 AD3d 1068, 1072 [2004]). Nor can we agree with our dissenting colleague that references to the amounts of the court’s additur *820 in the factual recitation of defendants’ briefs on appeal constitute challenges to the court’s additur. In any event, even assuming, arguendo, that such challenges are raised in the briefs, they are raised for the first time on appeal and thus are not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]). We have considered defendants’ remaining contentions with respect to both trials and conclude that they are without merit.
Lindley, Sconiers and Martoche, JJ., concur; Smith, J.E, dissents in part and votes to modify in accordance with the following memorandum.