# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**864**

**CAE 12-00001**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

IN THE MATTER OF CHARLES BURKWIT,
PETITIONER-APPELLANT-RESPONDENT,

V                                               MEMORANDUM AND ORDER

DANIEL A. OLSON, AS CHAIRMAN OF WAYNE COUNTY
REPUBLICAN COMMITTEE, DORIS COLE, AS CHAIR OF
TOWN OF WILLIAMSON REPUBLICAN COMMITTEE, TOWN
OF WILLIAMSON REPUBLICAN COMMITTEE, BARRY
VANNOSTRAND, DEBORAH STRITZEL,
RESPONDENTS-RESPONDENTS-APPELLANTS,
ET AL., RESPONDENTS.

---

CHARLES BURKWIT, ROCHESTER, PETITIONER-APPELLANT-RESPONDENT PRO SE.

ANTHONY J. VILLANI, P.C., LYONS (MARY K. VILLANI OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Wayne County (John J. Ark, J.), entered September 22, 2011 in a proceeding pursuant to Election Law article 16. The order, among other things, scheduled a new caucus for the nomination of Republican Party candidates for the position of Williamson Town Justice.

It is hereby ORDERED that said appeal from the order insofar as it relates to the new caucus for the two offices of Town Justice is unanimously dismissed, the cross appeal is dismissed and those parts of the order denying petitioner's request for declaratory relief, punitive damages, attorney's fees and costs are affirmed without costs.

Memorandum: On a prior appeal, we concluded, inter alia, that respondents Daniel A. Olson, Chairman of the Wayne County Republican Committee, Doris Cole, Chair of the Town of Williamson Republican Committee, and Town of Williamson Republican Committee (Committee) violated Election Law § 6-120 (4) by passing a rule at a caucus held on July 28, 2011 (first caucus) that mandated that only registered Republicans could be nominated for office at that caucus (*Matter of Burkwit v Olson*, 87 AD3d 1264, 1265). We also granted petitioner's motion for leave to amend his order to show cause and petition to join the other candidates who appeared before the first caucus seeking a nomination for the two offices of Town Justice, and we remitted the matter to Supreme Court for further proceedings on the petition after the necessary parties were joined (*id.*).

Petitioner thereafter filed an amended order to show cause and amended petition, in which he joined the additional candidates and sought the same relief that he had requested in the original petition. According to the amended petition, the relief sought by petitioner included an order and judgment directing that a new Republican caucus be held for the two Town Justice positions at issue; declaring that the conduct of Olson, Cole and the Committee is prohibited by various sections of article 17 of the Election Law; and awarding petitioner costs, attorney's fees and punitive damages.

Olson, Cole, the Committee, and respondents Barry VanNostrand and Deborah Stritzel (collectively, respondents) subsequently moved to dismiss the amended order to show cause and amended petition. Petitioner opposed the motion, and the court, in apparent deference to our decision on the prior appeal, ordered that a new Republican caucus be held on September 30, 2011 (second caucus) at which "two candidates for Williamson Town Justice [were to] be designated by the same process used on July 28, 2011 (other than the exclusion of non-Republican candidates)" (order). Postorder submissions establish that the results of the second caucus were the same as those of the first caucus inasmuch as VanNostrand and Stritzel were again nominated for the offices of Town Justice. Petitioner appeals and respondents cross-appeal from the order.

Turning first to petitioner's appeal, we note that respondents contend that petitioner violated Election Law § 16-102 (2) by failing to commence another proceeding challenging the second caucus. Respondents contend that, as a result, this proceeding challenging the second caucus is a collateral attack on the order and thus is not properly before us (see Siegel, NY Prac § 8, at 11 n 4 [4th ed]; see generally Rakosi v Perla Assoc., 3 AD3d 431, 431-432). Election Law § 16-102 (2) sets forth the procedure for commencing "[a] proceeding with respect to a . . . caucus." Here, petitioner had already commenced this Election Law article 16 proceeding to challenge the first caucus, which resulted in the order directing that the second caucus be held. On appeal, petitioner does not challenge the *results* of the second caucus and instead challenges the *order* on the ground that the court lacked the authority to direct that the second caucus be held (see Election Law § 6-158 [6]). Thus, petitioner properly appealed from the order and was not required by section 16-102 (2) to commence a separate Election Law proceeding challenging the court's authority to direct that the second caucus be held.

We agree with respondents, however, that petitioner's appeal from the order insofar as it relates to the new Republican caucus for the two offices of Town Justice is not properly before us. "The general rule is that a party who accepts the benefits of an order waives the right to appeal from that order" (*Carmichael v General Elec. Co.*, 102 AD2d 838, 839; see *Roffey v Roffey*, 217 AD2d 864, 865; *Reynolds v County of Onondaga*, 149 AD2d 986, 986, *lv denied* 74 NY2d 608). Having accepted the benefit of the second caucus, petitioner waived his right to appeal from that part of the order directing that the second caucus be held, and we therefore dismiss that part of petitioner's appeal. We also note that petitioner lacks standing to appeal from that part

of the order directing that the second caucus be held inasmuch as he was not aggrieved thereby (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544).

We next turn to petitioner's contention that the court erred in failing to determine questions of law and fact concerning the alleged violations of parts of Election Law article 17, as well as what we perceive to be petitioner's contention that the court erred in failing to award him the costs, attorney's fees and punitive damages sought in the amended petition.  Preliminarily, we note that the court's failure to rule on petitioner's request for declaratory and pecuniary relief is "deemed a denial of th[ose] part[s] of the [amended petition]" (*Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864).  Further, we conclude that, contrary to respondents' contention, petitioner has standing to appeal from that part of the order denying his request for declaratory and pecuniary relief inasmuch as petitioner is aggrieved thereby (*see Parochial Bus Sys.*, 60 NY2d at 544).  With respect to the merits, however, we conclude that, even assuming, arguendo, that petitioner's contentions regarding the declaratory and pecuniary relief denied by the court are properly before us (*cf. Oakes v Patel*, 87 AD3d 816, 819), those contentions lack merit.  While petitioner may be entitled to costs (*see Gage v Monescalchi*, 17 AD3d 770, 770-771), such an award is inappropriate in this case (*see* CPLR 8101, 8106, 8107).  Attorney's fees are incidents of litigation in New York and "are not recoverable unless authorized by statute, court rule or the parties' written agreement" (*Gage*, 17 AD3d at 771).  Here, petitioner cites no statutory or other authority entitling him to such fees in this Election Law proceeding (*see id.*).  Petitioner's request for punitive damages is likewise baseless inasmuch as petitioner has made no claim for compensatory damages (*see Hubbell v Trans World Life Ins. Co. of N.Y.*, 50 NY2d 899, 901).  Moreover, petitioner is not entitled to declaratory relief with respect to the alleged violations of certain parts of Election Law article 17 that criminalizes misconduct in connection with an election inasmuch as such relief relative to criminal liability is not available where, as here, questions of fact remain unsettled (*see Cayuga Indian Nation of N.Y. v Gould*, 14 NY3d 614, 634, *cert denied* ___ US ___, 131 S Ct 353; *Bunis v Conway*, 17 AD2d 207, 208-209, *lv dismissed* 12 NY2d 645, 882; *cf. People v Ianniello*, 36 NY2d 137, 142-143, *cert denied* 423 US 831).

We now turn to respondents' cross appeal.  We note that in the conclusion to their brief, respondents seek affirmance of the order appealed from.  "Generally, the party who has successfully obtained a judgment or order in his favor is not aggrieved by it, and, consequently, has no need and, in fact, no right to appeal" (*Parochial Bus Sys.*, 60 NY2d at 544).  We thus dismiss the cross appeal, and we do not address the alternative grounds for affirmance advanced in the cross appeal inasmuch as they are academic.

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court