Capital One Bank (USA), N.A., Respondent,
against
Shahida Iqbal, Appellant.




Shahida Iqbal, appellant pro se.
Malen & Associates, P.C. (Jeffrey Wolstein, Esq.), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Robert E. Pipia, J.), entered December 10, 2015. The order denied defendant's motion for summary judgment and granted plaintiff's cross motion for summary judgment dismissing the counterclaims.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $3,396.11 for breach of a credit card agreement and upon an account stated. Defendant, a self-represented litigant, interposed an answer wherein she asserted, among other things, "counterclaims" against plaintiff based upon lack of standing, failure to prove an assignment of the debt, and damages incurred in this litigation for travel and postage, and alleged that plaintiff's attorneys had violated the Fair Debt Collection Practices Act (15 USC § 1692 et seq.) (FDCPA) and General Business Law § 349.
Defendant moved for summary judgment dismissing the complaint. In support of the motion, defendant's affidavit merely alleged that "plaintiff has no authenticated proof to establish [its] claim." Plaintiff cross-moved to dismiss defendant's counterclaims. Plaintiff's attorney asserted in his supporting affirmation, among other things, that the counterclaims should be dismissed since plaintiff is the original creditor and no proof of an assignment is required to establish its claim. Furthermore, defendant's counterclaims asserting violations of the FDCPA and General Business Law § 349 must be dismissed since the facts alleged therein do not assert a violation by plaintiff. Additionally, counsel argued that defendant's counterclaim for postage and travel expenses should be dismissed. Defendant submitted opposition to plaintiff's cross motion, which contained unsworn allegations. The District Court denied defendant's motion for summary judgment, on the ground that defendant had failed to make a prima facie showing of entitlement to judgment as a matter of law by providing evidence in admissible form and demonstrating the [*2]absence of any material issue of fact, and granted plaintiff's cross motion for summary judgment dismissing the counterclaims.
We agree with the District Court that defendant's moving papers failed to make out a prima facie showing of her entitlement to judgment as a matter of law. Defendant's supporting affidavit contained a single conclusory allegation, which did not establish the absence of a material issue of fact, and the remaining allegations contained in her reply and opposition papers consisted of unsworn statements which were of no probative value (see Palisades Collection, LLC v Staley, 17 Misc 3d 131[A], 2007 NY Slip Op 51989[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Consequently, the District Court properly denied defendant's motion for summary judgment regardless of the sufficiency of plaintiff's opposing papers (see Seidman v Indus. Recycling Props., Inc., 52 AD3d 678 [2008]).
As to defendant's "counterclaim" based upon lack of standing, we find that plaintiff tendered evidentiary proof in admissible form establishing that it does have standing to commence this action, as it is the original creditor that issued the credit card account to defendant. The counterclaim for postage and travel expenses incurred merely as an incident to litigation was properly dismissed, as these items are not recoverable as damages absent specific contractual provisions or statutory authority therefor (see Gage v Monescalchi, 17 AD3d 770 [2005]), which has not been shown to be the case here. To the extent that defendant asserts a violation of the FDCPA, such counterclaim cannot be maintained against an original creditor (see 15 USC § 1692 [a] [6]). To the extent that defendant seeks to recover for violations of General Business Law § 349, defendant failed to raise a triable issue of fact with respect thereto, as she established only a private dispute unique to the parties (see Castillo v Kenneth K. Frankel, P.C., 30 Misc 3d 85 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). We note that the statements in defendant's counterclaims referring to violations of the FDCPA and General Business Law § 349 refer only to plaintiff's attorneys' alleged violations. To the extent the counterclaims may actually be seeking recovery from plaintiff's attorneys, as they are not parties to the instant action, no cause of action can lie against them in this action. Consequently, the District Court properly granted plaintiff's cross motion.
We note that the issues raised by appellant for the first time on appeal are not properly before this court, and we decline to consider them (see Sellathurai v Geevarghese, 52 Misc 3d 130[A], 2016 NY Slip Op 50964[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Accordingly, the order is affirmed.
BRANDS, J.P., TOLBERT and GARGUILO, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 10, 2017